1  JODI S. COHEN, CASB No. 151534
   jodi.cohen@kyl.com
2  MICHELLE L. ABDOLHOSSEINI, CASB No. 318028
   michelle.abdolhosseini@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California  94133
5  Telephone:    (415) 398-6000
   Facsimile:    (415) 981-0136
6
7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11  LINDA KENDRICK, an individual,      )   Case No._____
                                        )
12                       Plaintiff,     )   *Action Filed:  March 8, 2023*
                                        )
13          vs.                         )   **NOTICE OF REMOVAL PURSUANT TO**
                                        )   **28 U.S.C. §§ 1332, 1348, 1441, AND 1446**
14  WELLS FARGO BANK, N.A.; and         )
    DOES 1-50, inclusive,              )    **[DIVERSITY JURISDICTION]**
15                                      )
                         Defendants.    )
16                                      )
                                        )
17  _____)

18

19

20  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER**

21  **COUNSEL OF RECORD:**

22       **PLEASE TAKE NOTICE** that Defendant WELLS FARGO BANK, N.A. ("Wells Fargo" or

23  "Defendant") hereby provides this Notice of Removal based on diversity, pursuant to §1332, 1348,

24  1441, and 1446, and hereby removes to this Court the state court action described below.  This case is

25  a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may

26  be removed to this Court pursuant to 28 U.S.C. § 144l(b) because it is a civil action between citizens

27  of different states and the amount in controversy exceeds $75,000.

28

In compliance with 28 U.S.C. § 1446(a), Wells Fargo asserts the following grounds for removal:

## PROCEDURAL BACKGROUND

1.    On March 8, 2023, Plaintiff LINDA KENDRICK ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Francisco, thereby commencing a civil action entitled *Linda Kendrick v. Wells Fargo Bank, N.A., and DOES 1 through 100, Inclusive*, Case No. CGC-23-605055 (the "State Court Action") against Defendant. A true and correct copy of the Summons and Complaint, is attached as Exhibit "1." *See* Declaration of Michelle L. Abdolhosseini in Support of Notice of Removal ("Abdolhosseini Decl."), ¶ 3.

2.    Plaintiff's Complaint purports to allege claims for (1) Wrongful Termination in Violation of Public Policy; (2) Age/Disability/National Origin Discrimination in Violation of FEHA; (3) Retaliation in Violation of FEHA; (4) Harassment in Violation of FEHA; (5) Failure to Accommodate in Violation of FEHA; (6) Failure to Engage in the Good Faith Interactive Process; (7) Failure to Pay Overtime Wages; (8) Meal and Rest Period Violations; and (9) Failure to Pay Wages at Separation. *See* Complaint, generally.

3.    Defendant was served with the Complaint on March 17, 2023. *See* Exhibit "2" to Abdolhosseini Decl., ¶ 4.

4.    Defendant answered the Complaint on April 17, 2023. *See* Exhibit "3" to Abdolhosseini Decl., ¶ 5.

5.    Defendant now removes this action under 28 U.S.C. §§ 1332(a), 1348, and 1441(b) on the grounds that complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    In accordance with 28 U.S.C. § 1446(a), "all summons, pleadings, and orders" served upon Defendant in the State Court Action are attached hereto as Exhibits "1"–"3." *See* Abdolhosseini Decl., ¶¶ 3–5.

## JURISDICTIONAL BASIS FOR REMOVAL - DIVERSITY

7.    District courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and the citizenship of each plaintiff is

- 2 -

1  different from that of each defendant. 28 U.S.C. § 1332. Diversity jurisdiction exists to provide a

2  "neutral" forum in cases where one or more of the parties is a citizen of another state or country and to

3  protect against local prejudice in state courts. *See Asher v. Pac. Power & Light Co.*, 249 F. Supp. 671,

4  674 (N.D. Cal. 1965). Here, the District Court has original jurisdiction because complete diversity

5  exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

6  <u>**COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**</u>

7        8.     Plaintiff is an individual with residence in the State of California. *See*

8  Complaint, ¶ 1, attached as Exhibit "1"; *see also Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D.

9  Cal. 1991) (residence is a factor in domicile for diversity jurisdiction).

10        9.     Defendant Wells Fargo is a national banking association with its main principle

11  executive office located in the State of South Dakota. *See* Declaration of Elisa Harrison in Support of

12  Notice of Removal ("Harrison Decl."), ¶¶ 3–4; *see* 28 U.S.C. § 1348. In 2006, the United States

13  Supreme Court, after a thorough examination of the historical versions of § 1348 and the existing case

14  law, held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office,

15  as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303,

16  306-307 (2006). Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of

17  South Dakota. *See Rouse, et al. v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715, at *22 (9th Cir.

18  2014) ("under § 1348, a national banking association is a citizen only of the state in which its main

19  office is located"); *Wells Fargo Bank, NA. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011);

20  *Mireles v. Wells Fargo Bank, NA.*, 845 F. Supp. 2d 1034, 1059-61 (C.D. Cal. 2012); *Deleon v. Wells*

21  *Fargo Bank, NA.*, 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010); *Nguyen v. Wells Fargo Bank, NA.*,

22  749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota for purposes

23  of diversity.").

24        10.    Although fictitiously designated defendants are referred to in the Complaint,

25  such fictitious defendants are to be disregarded for purposes of this petition. 28 U.S.C. § 1441(b)(1).

26        11.    Because Plaintiff is a citizen of California and Defendant is not a citizen of

27  California (but rather a citizen of South Dakota), the citizenship of all parties is diverse.

28

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1348, 1441, AND 1446
Case No. _____
KYL4875-4335-1902.1

## **THE AMOUNT IN CONTROVERSY IS SATISFIED**

12.     The amount in controversy exceeds $75,000.  As identified in Plaintiff's Complaint, Plaintiff seeks judgment for: (1) general, special, and compensatory damages including front and back pay, and other employee benefits, and all other sums of money, together with interest on these amounts; (2) punitive damages; (3) attorney's fees; and (4) statutory penalties pursuant to the Labor Code.  *See* Complaint, at p. 11.

13.     Although Plaintiff does not allege a specific dollar amount of damages in her Complaint, the action may nevertheless be removed because the preponderance of evidence demonstrates that the amount in controversy more likely than not exceeds the jurisdictional limit of $75,000.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); 28 U.S.C. § 1446(c)(2)(B).  Defendant may utilize the allegations in a complaint to establish the amount in controversy.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).  "If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties."  *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002).  "The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages."  *Id*; *see Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).

14.     The jurisdictional minimum may be satisfied by Plaintiff's claim for punitive damages alone.  *See Simmons, supra*, 209 F.Supp.2d at 1033 (Because punitive damages are available under FEHA, "the court may consider punitive damages when determining the amount in controversy.").  Jury verdicts in single plaintiff discrimination cases often award punitive damages far in excess of the jurisdictional minimum, in some cases millions of dollars in punitive damages alone.  *See, e.g., Steven Babyak v. Cardiovascular Systems, Inc.*, LEXIS 1168, JVR No. BC601259 (April 2017) ($22,400,000 punitive damage award); *Hudson v. Beverly Fabrics, Inc.*, LEXIS 140, JVR No. CV182035 (March 2018) ($1,100,000 punitive damage award); *Blanca Ramirez v. Jack in the Box, Inc.*, LEXIS 121707, JVR No. BC593619 (June 2019) ($10,000,000 punitive damage award); *Patricia Anne T. Samson v. Wells Fargo Bank*, LEXIS 188969, JVR No. 2:16-cv-4839 (March 2020)

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1348, 1441, AND 1446
Case No. _____
KYL4875-4335-1902.1

1    ($400,000 punitive damage award); *see* collective jury verdicts attached as Exhibit "AA" to

2    Abdolhosseini Decl.  Even when the supporting jury verdict cases involve distinguishable facts, courts

3    have found that the defendant may nevertheless meet its burden when the jury verdicts "amply

4    demonstrate the potential for large punitive damage awards in employment discrimination cases."

5    *Simmons, supra,* 209 F.Supp.2d at 1033.  Here, Defendant strongly disputes any liability to Plaintiff.

6    However, it is clear from the foregoing, that there is potential for more than the jurisdictional

7    minimum.

8          15.    In addition, the court must calculate the prospective compensatory damages

9    when calculating the amount in controversy.  At the time of termination, Plaintiff earned

10   approximately $28.45 per hour while employed by Wells Fargo.  *See* Harrison Decl., ¶ 7.  Plaintiff

11   was a long tenured employee, who earned in excess of $56,000 in 2021, which was Ms. Kendrick's

12   last full year of employment.  *See* Harrison Decl., ¶ 8.   Because Plaintiff was terminated one year ago,

13   in or around April 12, 2022, Plaintiff is anticipated to assert a wage loss of at least $56,000.

14         16.    Finally, because attorneys' fees are recoverable as a matter of right to the

15   prevailing party under FEHA, the court may also consider attorneys' fees when calculating the amount

16   in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); Cal Gov't

17   Code § 12965.  Here, Plaintiff asserts nine (9) causes of action against Defendant for alleged

18   discrimination and wrongful termination, as well as various alleged wage and hour violations.  *See*

19   Complaint, generally.  Jury verdicts in successful discrimination cases have awarded $400,800 in

20   attorney fees.  *See, e.g., Anthony Lave v. Charter Communications, LLC et al.*, LEXIS 8877, JVR No.

21   RIC1508865 (May 2017) ($400,800 in attorney fees); *see* collective jury verdicts attached as Exhibit

22   "AA" to Abdolhosseini Decl.  As such, attorneys' fees in a successful employment discrimination case

23   may be substantial.  *See e.g., Simmons, supra,* 209 F. Supp. 2d at 1034 ("Although attorneys' fees

24   cannot be precisely calculated, maintaining a race discrimination claim will undoubtedly require

25   substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys'

26   fees in individual discrimination cases often exceed the damages.").  Accordingly, the attorneys' fees

27   that would accrue until this action is resolved must be included in the amount in controversy

28   calculation as well.

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1348, 1441, AND 1446
Case No. _____
KYL4875-4335-1902.1

17.    In light of the above, the jurisdictional amount in controversy exceeds $75,000, such that the requirements for diversity jurisdiction are satisfied.

## REMOVAL IS TIMELY

18.    Under 28 U.S.C. §1446(b), defendants may remove within 30 days after receipt of the initial pleading setting forth the claim for relief on which the action or proceeding is based.

19.    Plaintiff served Defendant with Summons and Complaint on March 17, 2023. *See* Abdolhosseini Decl., ¶ 4, and Exhibit "2."

20.    This Notice of Removal is therefore filed within thirty (30) days after receipt by Defendant of the initial pleading upon which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b). *See* Abdolhosseini Decl., ¶¶ 4, 7.

## THE VENUE IS PROPER

21.    Plaintiff filed the State Court Action in the Superior Court of the State of California, in and for the County of San Francisco.

22.    Pursuant to 28 U.S.C. section 1446(a) (which states that venue lies in the district and division in which the state court proceeding is pending), Defendant is removing this case to the United States District Court for the Northern District of California, which is the district and division in which the State Court Action is pending.  *See* Abdolhosseini Decl., ¶ 8.

## RESERVATION OF RIGHTS

23.    By filing this Notice of Removal, Defendant does not waive its right to object to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

## NOTICE TO STATE COURT AND PLAINTIFF

24.    Pursuant to 28 U.S.C. § 1446(d), Notice of Removal is concurrently being filed with the Superior Court of California, County of San Francisco Exhibit "4" (*see* Abdolhosseini Decl., ¶ 9 and Exhibit "4," attached without exhibits, which are incorporated fully in the federal removal documents) and being served on Plaintiff Exhibit "5" (*see* Abdolhosseini Decl., ¶ 9 and Exhibit "5," attached without exhibits, which are incorporated fully in the federal removal documents).

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1348, 1441, AND 1446
Case No. _____
KYL4875-4335-1902.1

1            WHEREFORE, Defendant hereby removes San Francisco County Superior Court Case

2    No. CGC-23-605055 to the United States District Court for the Northern District of California.

3

4    DATED:  April 17, 2023

5                         JODI S. COHEN
                          MICHELLE L. ABDOLHOSSEINI

6                         KEESAL, YOUNG & LOGAN
                          Attorneys for Defendant

7                         WELLS FARGO BANK, N.A.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1348, 1441, AND 1446
Case No. _____
KYL4875-4335-1902.1

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A.; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LINDA KENDRICK, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)* Superior Court of California

400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso:)*
CGC-23-605055

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Christopher LeClerc, 155 Montgomery St., Ste 1004, San Francisco, CA 94104, 415.445.0900

DATE: **03/16/2023**          Clerk, by **KAREN VALDES**                    , Deputy
*(Fecha)*                      *(Secretario)*                               *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*     WELLS FARGO BANK, N.A.

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Christopher R. LeClerc, Esq. (SB# 233479)
**LE CLERC & LE CLERC LLP**
155 Montgomery Street, Suite 1004
San Francisco, CA 94104
Telephone: (415) 445-0900
Fax: (415) 445-9977
Email: chris@leclerclaw.com

Attorneys for Plaintiff
LINDA KENDRICK

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/08/2023**
Clerk of the Court
BY: KAREN VALDES
Deputy Clerk

IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

[UNLIMITED JURISDICTION]

| | |
|---|---|
| LINDA KENDRICK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; and<br>DOES 1-50, inclusive,<br><br>Defendants. | Case No. **CGC-23-605055**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF FOR:**<br>1. **Wrongful Termination in Violation of Public Policy;**<br>2. **Age/Disability/National Origin Discrimination in Violation of FEHA;**<br>3. **Retaliation in Violation of FEHA;**<br>4. **Harassment in Violation of FEHA;**<br>5. **Failure to Accommodate in Violation of FEHA;**<br>6. **Failure to Engage in the Good Faith Interactive Process;**<br>7. **Failure to Pay Overtime Wages;**<br>8. **Meal and Rest Period Violations; and**<br>9. **Failure to Pay Wages at Separation.**<br><br>**JURY TRIAL DEMAND** |

Plaintiff alleges:

### *PARTIES*

### *PLAINTIFF*

1. Plaintiff LINDA KENDRICK, ("Plaintiff" or "KENDRICK") is an adult female formerly employed by Defendant WELLS FARGO in Dublin, California.

### *DEFENDANTS*

2. Defendant WELLS FARGO BANK N.A. ("WELLS FARGO") is a bank headquartered in San Francisco, California. WELLS FARGO is an employer within the meaning of the Fair Employment and Housing Act (the "FEHA"). Until her unlawful termination, WELLS FARGO employed Plaintiff within the meaning of the FEHA and the Labor Code.

3. The true names and capacities of defendants sued in the Complaint under the fictitious name of DOES 1 through 50, inclusive, are unknown to plaintiff who therefore sues defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

4. Hereinafter, WELLS FARGO and DOES 1 through 50 are collectively referred to as "Defendants."

5. Whenever reference is made in this complaint to any act of any corporate or other business defendant, such allegations shall mean that such defendant did the acts alleged in the complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority. Additionally, whenever reference is made to any act of any natural person employed by any corporate or other business entity Defendant, such allegations shall mean that such person did the acts alleged in the complaint while acting within the scope of their actual or ostensible authority.

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

6.  Plaintiff is informed and believes and thereon alleges that at all relevant times, each
    defendant acted as an agent, representative, employer and/or employee of each of the
    other defendants and acted within the course and scope of said agency or representation
    or employment with respect to the causes of action in this complaint.

### JURISDICTION & VENUE

7.  Plaintiff brings this action pursuant to and under the FEHA, the Labor Code, and other
    common and statutory laws.

8.  Venue is proper in this Court because the acts and/or omissions and events set forth in
    this Complaint occurred in whole or in part in the County of San Francisco, located in
    California, and Plaintiff's employment records as well as records related to the
    Defendants' policies and practices and Plaintiff's complaints are maintained within the
    County of San Francisco.

The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.  Plaintiff has discharged all necessary administrative remedies and this matter is ripe for
    adjudication before this Court.  Plaintiff has filed a charge of discrimination with the
    Department of Fair Employment & Housing as to the Defendants identified in this
    complaint and has received a right-to-sue notice from the DFEH.  (*See Exhibit A.*)

### GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff was hired by Wells Fargo Bank in or about September 2009 and was employed
    by Wells Fargo for over 13 years.  She was 59 years old at the time of her unlawful
    termination in or about April 2022.  Most recently, she held the job title of Personal
    Banker (Safe) 2.

11. Wells Fargo discriminated against Plaintiff because of her age and disabilities.  When a
    bank customer refused to work with Plaintiff because she is Latina, her supervisor
    disciplined Plaintiff.

12. Plaintiff suffered from health conditions that qualify as disabilities under the FEHA.
    During her employment, Plaintiff attempted to obtain reasonable accommodations for her

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004  ◆  San Francisco, CA 94104

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

1    disabilities and reasonable accommodations were available.  However, Wells Fargo failed

2    to engage in the good faith interactive process and failed to provide reasonable

3    accommodations.

4    13. Defendants instead required Plaintiff to perform work that was outside of her restrictions

5    while knowing that such work was outside of Plaintiff's medical restrictions.

6    14. Defendants retaliated against Plaintiff for providing them notice of her need for

7    accommodation, requesting restrictions, requesting medical leave, and complaining about

8    discrimination.

9    15. Defendants created a hostile working environment within the meaning of the FEHA for

10    Plaintiff on the bases of her age and disability.

11    16. Defendants also discriminated against Plaintiff because of her ancestry, national origin,

12    disability, and age.

13    17. Defendants also retaliated against Plaintiff because she reported discrimination and

14    harassment, requested and/or used disability related accommodations.

15    18. In or about February 2022, Wells Fargo suspended Plaintiff.  On or about April 14, 2022,

16    Wells Fargo terminated Plaintiff's employment.  These acts were taken in violation of the

17    FEHA.

18    ***FIRST CAUSE OF ACTION***
     *Wrongful Termination in Violation of Public Policy*
19    [Against All Defendants]

19.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

20    contained in this complaint as though fully set forth herein.

21    20. California has fundamental, substantial, and well-established public policies against

22    discrimination and retaliation in violation of the FEHA in the workplace.

23    

24    21. Plaintiff is informed and believes and thereon alleges that Defendants were substantially

25    motivated to terminate Plaintiff's employment in violation of these public policies.

26    22. Defendant WELLS FARGO's unlawful discharge of Plaintiff caused her economic and

27    noneconomic harm in an amount to be proven at trial, but which are in excess of the

28    minimum jurisdiction of this court.  Plaintiff's damages include, but are not limited to,

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

1  loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress

2  and discomfort.

3  23. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively

4  with the wrongful intention of injuring Plaintiff, and acted with an improper and evil

5  motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an

6  award of exemplary and punitive damages is justified.  Plaintiff is therefore entitled to

7  recover and herein prays for punitive damages.

8  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

9  below.

### SECOND CAUSE OF ACTION
*Age/Disability/National Origin Discrimination in Violation of the FEHA*
[Against All Defendants]

13  24. Plaintiff re-alleges and incorporates herein by reference each and every allegation

14  contained in this complaint as though fully set forth herein.

15  25.  The FEHA makes it unlawful for an employer to discriminate against an employee on

16  the basis of age, actual or perceived disability, and/or national origin.

17  26. Defendants discriminated against Plaintiff on the basis of age, disability, or national

18  origin as alleged herein, including without limitation, by materially altering the terms and

19  conditions of her employment, disciplining her, denying her job opportunities and , and

20  by terminating her employment.

21  27. Defendants' adverse actions related to Plaintiff's employment caused her economic and

22  noneconomic harm in an amount to be proven at trial, but which are in excess of the

23  minimum jurisdiction of this court.  Plaintiff's damages include, but are not limited to,

24  loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress

25  and discomfort.

26  28. Defendants committed and/or ratified the acts herein alleged maliciously, fraudulently,

27  and oppressively with the wrongful intention of injuring Plaintiff, and acted with an

28  improper and evil motive amounting to malice, in conscious disregard for Plaintiff's

1    rights and thus an award of exemplary and punitive damages is justified.  Plaintiff is

2    therefore entitled to recover and herein prays for punitive damages.

3    WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

4    below.

### THIRD CAUSE OF ACTION
*Retaliation in Violation of the FEHA*
[Against All Defendants]

7    29. Plaintiff re-alleges and incorporates herein by reference each and every allegation

8    contained in this complaint as though fully set forth herein.

9    30. The FEHA makes it unlawful for an employer to retaliate against an employee for

10   engaging in any activity protected under that chapter. Plaintiff engaged in protected

11   activities, including, but not limited to: 1) requesting medical leave and reasonable

12   accommodations; 2) receiving medical leave and reasonable accommodations; and 3)

13   complaining of discrimination and harassment.

14   31. Defendants retaliated against Plaintiff by, among other things, altering the terms and

15   conditions of Plaintiff's employment, denying her transfer, and terminating Plaintiff's

16   employment. Plaintiff is informed and believes and thereon alleges that a substantial

17   motivating reason for Defendants' retaliatory behavior was because she engaged in the

18   aforementioned conduct which is protected by the FEHA.

19   32. Defendants' adverse actions related to Plaintiff's employment caused her economic and

20   noneconomic harm in an amount to be proven at trial, but which are in excess of the

21   minimum jurisdiction of this court.  Plaintiff's damages include, but are not limited to,

22   loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress

23   and discomfort.

24   33. Defendants committed and/or ratified the acts herein alleged maliciously, fraudulently,

25   and oppressively with the wrongful intention of injuring Plaintiff, and acted with an

26   improper and evil motive amounting to malice, in conscious disregard for Plaintiff's

27   rights and thus an award of exemplary and punitive damages is justified.  Plaintiff is

28   therefore entitled to recover and herein prays for punitive damages.

1    WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

2    below.

3                        ***FOURTH CAUSE OF ACTION***
                        *Harassment in Violation of the FEHA*
4                            [Against All Defendants]

5    34. Plaintiff re-alleges and incorporates herein by reference each and every allegation

6        contained in this complaint as though fully set forth herein.

7    35. The FEHA makes it unlawful for an employer, or person employed by any employer, to

8        harass either employees or independent contractors on the basis of age and/or disability.

9    36. Plaintiff was subjected to unwanted harassing conduct because of her age and disability.

10   37. This harassment was severe and/or pervasive and it created a hostile working

11       environment within the meaning of the FEHA.

12   38. Plaintiff did, and a reasonable person in Plaintiff's circumstances would have, consider

13       the work environment to be hostile and/or abusive.

14   39. The conduct was engaged in by WELLS FARGO employees that had supervisory

15       authority over Plaintiff's employment. Moreover, WELLS FARGO knew, or should have

16       known, of the harassing conduct and it failed to take immediate and appropriate

17       corrective action.

18   40. Defendants' harassment of Plaintiff caused her economic and noneconomic harm in an

19       amount to be proven at trial, but which are in excess of the minimum jurisdiction of this

20       court.  Plaintiff's damages include, but are not limited to, loss of earnings and benefits,

21       humiliation, embarrassment, mental and emotional distress and discomfort.

22   41. Defendants committed and/or ratified the acts herein alleged maliciously, fraudulently,

23       and oppressively with the wrongful intention of injuring Plaintiff, and acted with an

24       improper and evil motive amounting to malice, in conscious disregard for Plaintiff's

25       rights and thus an award of exemplary and punitive damages is justified.  Plaintiff is

26       therefore entitled to recover and herein prays for punitive damages.

27   WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

28   below.

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004  ◆  San Francisco, CA  94104

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

### FIFTH CAUSE OF ACTION

*Failure to Provide Reasonable Accommodations in Violation of the FEHA*
[Against All Defendants]

42. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

43. The FEHA requires an employer to provide reasonable accommodations to employees for conditions related to known physical and mental disabilities.

44. Plaintiff was an employee of Defendant WELLS FARGO. WELLS FARGO was aware of and regarded Plaintiff as having a disability.

45. Plaintiff requested reasonable accommodations. Reasonable accommodations were available, however, Defendants failed to provide those accommodations.

46. Defendants' failure to reasonably accommodate Plaintiff caused her economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

47. Defendants committed and/or ratified the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SIXTH CAUSE OF ACTION

*Failure to Engage in the Good Faith Interactive Process in Violation of the FEHA*
[Against All Defendants]

48. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

49. Plaintiff notified Defendant WELLS FARGO of her disability and medical restrictions and her need for reasonable accommodation.

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004 ◆ San Francisco, CA 94104

50. Plaintiff was willing to, and did, participate in good faith in an interactive process to determine whether reasonable accommodation was necessary and/or could be made to permit her to continue working.

51. Defendants did not engage in the interactive process in good faith.

52. Defendants' failure to engage in the good faith interactive process caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

53. Defendants committed and/or ratified the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SEVENTH CAUSE OF ACTION
*Failure to Pay Overtime Wages*
[Against All Defendants]

54. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

55. Plaintiff performed work as an employee of Defendant WELLS FARGO in excess of eight hours in a day and forty in a week. Defendant WELLS FARGO failed to pay Plaintiff overtime wages in violation of *Labor Code sections 510 and 1194*.

56. As a result, Defendants caused Plaintiff damages in an amount to be proven at trial. Additionally, Plaintiff may recover, and is seeking to recover, liquidated damages pursuant to *Labor Code section 1194.2*.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

///

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

1

### *EIGHTH CAUSE OF ACTION*
Violations of California Labor Code §§ 226.7 and 512
*Meal and Rest Period Violations*
[Against All Defendants]

57. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

58. Plaintiff performed work as an employee of Defendants WELLS FARGO.  She regularly worked sufficient periods to be entitled to take duty free meal and/or rest periods as provided for by *Labor Code sections 226.7, 512, and the applicable wage order*. Defendant WELLS FARGO failed to provide Plaintiff with meal and/or rest periods as required by those sections.  Defendant WELLS FARGO failed to compensate Plaintiff for the meal and/or rest periods that were not provided.

59. As a result, Defendants caused Plaintiff damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

### *NINTH CAUSE OF ACTION*
*Failure to Pay Wages at the Time of Separation*
[Against All Defendants]

60. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

61. Plaintiff performed work as an employee of Defendant WELLS FARGO but was not compensated all wages earned at the time of separation. *Labor Code sections 201 and 202* set forth the time period for which an employer must pay earned wages in the event of resignation by the employee, or termination by the employer.  Defendants terminated Plaintiff's employment.  Defendants failed to pay Plaintiff all wages owing at the time of termination, and therefore Plaintiff has continued to accrue wages (as that term is defined by *Labor Code section 200(a)*) pursuant to *Labor Code section 203*.

62. As a result, Defendants caused Plaintiff damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

///

///

### ***PRAYER FOR RELIEF***

WHEREFORE, Plaintiff makes the following demand:

a)  That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

b)  For general, special, actual, compensatory and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial;

c)  For statutory penalties pursuant to the Labor Code;

d)  For front and back pay and other benefits Plaintiff would have been afforded but-for Defendants', and each of their, unlawful conduct;

e)  For a declaration that the Defendants did commit the wrongs alleged herein;

f)  For an injunction prohibiting Defendants from further commission of the wrongs identified herein;

g)  For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants, and each of them, from further engaging in the conduct described herein, and to deter others from engaging in the same or similar acts;

h)  For costs and expenses of this litigation;

i)  For reasonable attorneys' fees pursuant to *Labor Code sections 218.5, 1194* and *Government Code section 12965* or where otherwise may be appropriate;

j)  For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

k)  For all such other relief as this Court deems just and appropriate.

Dated: March 8, 2023                          **Le Clerc & Le Clerc LLP**

By: _____
Christopher R. LeClerc, ESQ.
Attorney for Plaintiff
LINDA KENDRICK

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004  ◆  San Francisco, CA 94104

1  **PLAINTIFF DEMANDS A TRIAL BY JURY**

2  Dated:  March 8, 2023                    **Le Clerc & Le Clerc LLP**

3

4  By: _____

5  Christopher R. LeClerc, ESQ.
   Attorney for Plaintiff

6  LINDA KENDRICK

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Le Clerc & Le Clerc LLP
155 Montgomery Street, Suite 1004 ♦ San Francisco, CA 94104

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

October 20, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202210-18621920
      Right to Sue: Kendrick / Wells Fargo Bank et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD)) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 10/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

October 20, 2022

Linda Kendrick
2029 Foothill Vista Drive
Tracy, CA 95377

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202210-18621920
       Right to Sue: Kendrick / Wells Fargo Bank et al.

Dear Linda Kendrick:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective October 20, 2022 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
CRD's Small Employer Family Leave Mediation Pilot Program by emailing

CRD - ENF 80 RS (Revised 10/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
## Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Linda Kendrick                                       CRD No. 202210-18621920

                              Complainant,

vs.

Wells Fargo Bank
420 Montgomery St.
San Francisco, CA 94104

Balpreet Narang
4400 Tassajara Rd. Ste. A
Dublin, CA 94568

                              Respondents

_____

**1.** Respondent **Wells Fargo Bank** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Balpreet Narang** individual as Co-Respondent(s).

**3.** Complainant **Linda Kendrick**, resides in the City of **Tracy**, State of **CA.**

**4.** Complainant alleges that on or about **April 14, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), age (40 and over).

**Complainant was discriminated against** because of complainant's ancestry, national origin (includes language restrictions), disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

-1-
*Complaint – CRD No. 202210-18621920*

Date Filed: October 20, 2022

CRD-ENF 80 RS (Revised 10/22)

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Additional Complaint Details:** Complainant requested reasonable accommodations that were not provided.  She complained about discrimination.  She was disciplined, required to work outside of her accommodations, treated poorly by her management, and ultimately terminated due to her age, disability, and Wells Fargo's adoption of a customer's discrimination.  Wells Fargo and Balpreet Narang created a hostile working environment on the basis of Complainant's age and disability.

-2-
*Complaint -- CRD No. 202210-18621920*

Date Filed: October 20, 2022

CRD-ENF 80 RS (Revised 10/22)

1  VERIFICATION

2  I, **Linda Kendrick**, am the **Complainant** in the above-entitled complaint. I have read
   the foregoing complaint and know the contents thereof. The same is true of my own
3  knowledge, except as to those matters which are therein alleged on information and
   belief, and as to those matters, I believe it to be true.
4

5  On October 20, 2022, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.
6

7                                                      **San Francisco, California**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                        -3-
                              *Complaint – CRD No. 202210-18621920*
27
   Date Filed: October 20, 2022
28
                                                      CRD-ENF 80 RS (Revised 10/22)

CASE NUMBER: CGC-23-605055 LINDA KENDRICK VS. WELLS FARGO BANK, N.A. ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:** **AUG 09, 2023**
>
> **TIME:** **10:30 am**
>
> **PLACE:** **Department 610**
> **400 McAllister Street**
> **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> **(SEE LOCAL RULE 4)**

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



# Superior Court of California, County of San Francisco
# Alternative Dispute Resolution
# Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*<u>Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint</u>\*\***

## WHAT ARE THE ADR OPTIONS?
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1) MANDATORY SETTLEMENT CONFERENCES
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

   **(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

   **(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

   **(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

   **(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____<br>**DEPARTMENT 610** |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):
☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐ **Other ADR process** (describe) _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____
3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| _____ | _____ |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  10/18                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

# EXHIBIT 2



**TMM / ALL**
**Transmittal Number: 26581913**
**Date Processed: 03/20/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. |
| **Title of Action:** | Linda Kendrick vs. Wells Fargo Bank, N.A., |
| **Matter Name/ID:** | Linda Kendrick vs. Wells Fargo Bank, N.A., (13803069) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Francisco County Superior Court, CA |
| **Case/Reference No:** | CGC-23-605055 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/17/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Le Clerc & Le Clerc LLP<br>415-445-0900 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R0710<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT 3

1  JODI S. COHEN, CASB No. 151534
   jodi.cohen@kyl.com
2  MICHELLE L. ABDOLHOSSEINI, CASB No. 318028
   michelle.abdolhosseini@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California  94133
5  Telephone:    (415) 398-6000
   Facsimile:    (415) 981-0136
6
   Attorneys for Defendant
7  WELLS FARGO BANK, N.A.

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF SAN FRANCISCO**

10

11

12  LINDA KENDRICK, an individual,          )   Case No. CGC-23-605055
                                            )
13                        Plaintiff,        )   *Action Filed:  March 8, 2023*
                                            )
14          vs.                             )   **DEFENDANT WELLS FARGO BANK,**
                                            )   **N.A.'S ANSWER TO PLAINTIFF'S**
15  WELLS FARGO BANK, N.A.; and             )   **COMPLAINT**
    DOES 1-50, inclusive,                   )
16                                          )
                          Defendants.       )
17                                          )
                                            )
18  _____

19

20

21          Defendant WELLS FARGO BANK, N.A. ("Wells Fargo" or "Defendant") hereby

22  submits the following response to Plaintiff LINDA KENDRICK's Complaint filed on March 8, 2023

23  (the "Complaint").

24                          **GENERAL DENIAL**

25          Under section 431.30(d) of the California Code of Civil Procedure, Defendant hereby

26  generally and specifically denies each and every material allegation of the Complaint and further

27  denies that Plaintiff has suffered any damage or legal detriment, and/or that Plaintiff is entitled to any

28  damages, equitable relief, or other relief whatsoever.

- 1 -
DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT
KYL4885-0089-8137.1

1

## AFFIRMATIVE DEFENSES

2        In addition to Defendant's general denial of the allegations set forth in the Complaint,

3  Defendant asserts the following affirmative defenses.  In asserting these affirmative defenses,

4  Defendant is not assuming the burden to establish any fact, proposition or element where the burden is

5  properly imposed on Plaintiff.  Defendant preserves the right to assert additional affirmative defenses

6  based on facts that are revealed as the case progresses.

7

## FIRST AFFIRMATIVE DEFENSE

8

(Failure to State a Cause of Action)

9        1.    Defendant alleges that the Complaint, and each and every cause of action

10  therein, fails to state a claim upon which relief may be granted and/or fails to state facts sufficient to

11  constitute an individual cause of action against Defendant.

12

## SECOND AFFIRMATIVE DEFENSE

13

(Statute of Limitations)

14        2.    Defendant alleges that the claim(s) of Plaintiff are barred, in whole or in part,

15  by all applicable statutes of limitations.

16

## THIRD AFFIRMATIVE DEFENSE

17

(Laches and/or Estoppel)

18        3.    Plaintiff delayed inexcusably and unreasonably in the filing of this action,

19  causing substantial prejudice to Defendant, and thus, Plaintiff's claims are barred by the equitable

20  doctrines of laches and/or estoppel.

21

## FOURTH AFFIRMATIVE DEFENSE

22

(Waiver)

23        4.    Defendant alleges that Plaintiff's claims are barred, in whole or in part, bu the

24  doctrine of waiver by virtue of her own independent acts or omissions.

25

## FIFTH AFFIRMATIVE DEFENSE

26

(Failure to Exhaust Administrative Remedies)

27        5.    Defendant alleges that Plaintiff's Complaint is barred to the extent Plaintiff

28  failed to exhaust all applicable administrative remedies.

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT
KYL4885-0089-8137.1

1

**SIXTH AFFIRMATIVE DEFENSE**

2

(Beyond the Scope of Administrative Charge)

3

     6.     Defendant alleges that, to the extent that Plaintiff asserts claims in her

4

Complaint that were not made the subject of a timely complaint filed with the Department of Fair

5

Employment and Housing ("DFEH") as required by Government Code § 12965, the Court lacks

6

jurisdiction with respect to these claims, and they must therefore be dismissed.

7

**SEVENTH AFFIRMATIVE DEFENSE**

8

(Workers' Compensation Preemption)

9

     7.     Defendant alleges that, insofar as Plaintiff seeks recovery for alleged physical

10

and/or emotional injury based on conduct by Defendant that neither contravenes fundamental

11

California public policy nor exceeds the risks inherent in the employment relationship, such recovery

12

is barred by California Labor Code §§ 3600 *et. seq.*, which provide that the exclusive remedy for these

13

alleged injuries is an action or a claim under the Workers' Compensation Act.

14

**EIGHTH AFFIRMATIVE DEFENSE**

15

(At-Will Employee)

16

     8.     Defendant alleges that Plaintiff was an "at will" employee whose employment

17

could be terminated at any time, with or without cause.

18

**NINTH AFFIRMATIVE DEFENSE**

19

(Plaintiff's Failure to Comply or Perform)

20

     9.     Plaintiff's claims are barred, in whole or in part, because plaintiff did not satisfy

21

and/or breached his/her statutory obligations as provided in the California Labor Code including, but

22

not limited to, sections 2854, 2856-2859, and 2924.

23

**TENTH AFFIRMATIVE DEFENSE**

24

(Reasonable Care)

25

     10.     Defendant alleges that liability may not be imposed for the acts complained of

26

because Defendant exercised reasonable care to prevent and promptly correct any alleged harassing

27

and/or discriminatory behavior and Plaintiff unreasonably failed to take advantage of preventative or

28

corrective opportunities that were provided and/or unreasonably failed to avoid harm otherwise, or in

1   the alternative Plaintiff's alleged damages are reduced or cut-off for these reasons.

2   **<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**

3   (Failure to Mitigate Damages)

4         11.    Defendant alleges that it is informed and believes and thereon alleges that, by

5   exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages she allegedly

6   suffered, but Plaintiff failed and/or refused and continues to fail and/or refuse, to exercise reasonable

7   efforts to mitigate her damages such that any damages recovered by Plaintiff must be reduced or

8   eliminated accordingly.

9   **<u>TWELFTH AFFIRMATIVE DEFENSE</u>**

10   (Failure to Report)

11         12.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not

12   promptly report the alleged incident(s) that she contends constituted harassment and/or discrimination

13   and/or wage and hour violations; wherein any reports of alleged incidents which were made, if any,

14   Defendant investigated and took appropriate steps after reaching reasonable conclusions based on the

15   investigation.

16   **<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**

17   (No Cause)

18         13.    If Defendant should be found in any way legally liable for the losses, if any,

19   purportedly sustained by Plaintiff, which Defendant denies, then such losses were proximately caused

20   or contributed to by Plaintiff or other persons or entities, and it is necessary that any judgment against

21   Defendant be reduced by the degree of fault found to exist as to Plaintiff or other persons or entities.

22   **<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

23   (Outside Scope of Employment)

24         14.    Plaintiff's claims are barred, in whole or in part, because if any improper,

25   illegal, or discriminatory acts were taken against Plaintiff, such acts were independent, intervening,

26   and unforeseeable acts, occurred outside the course and scope of her employment and were contrary to

27   Defendant's policies, and were not condoned, ratified, confirmed, approved, or acquiesced in by

28   Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

15.     Plaintiff's punitive damages claim is barred because defendants at no time engaged in discriminatory practices or actions intentionally, with malice, and/or with reckless disregard to plaintiff's or other employees' statutory rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

16.     Defendant alleges that the Complaint, and each and every purported cause of action therein, is barred, in whole or in part, by the doctrine of avoidable consequences.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Misconduct)

17.     Plaintiff's causes of action are barred to the extent that any damage was caused by Plaintiff's own misconduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

18.     Plaintiff's claims are barred, in whole or in part, because at all times relevant to this action, the employment decisions at issue were made by defendant for legitimate, non-discriminatory, and non-retaliatory business reasons and were undertaken in good faith and in compliance with all applicable laws, such that Defendant alleges that any act or omission giving rise to Plaintiff's claims was in good faith and that Defendant had reasonable grounds for believing that its acts or omissions did not violate any statute, regulation and/or law.

## NINETEENTH AFFIRMATIVE DEFENSE

(No Accommodation Requested)

19.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not request an accommodation from Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

(Plaintiff's Failure to Engage in Process)

20.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not

- 5 -

1  engage in the interactive process and/or rejected a reasonable accommodation.

2  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

3  (Plaintiff's Inability to Perform Essential Duties)

4      21.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is unable to

5  perform the essential duties of her position even with a reasonable accommodation.

6  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

7  (Lawful Conduct)

8      22.    Defendant asserts that its conduct and that of its officials, employees, and/or

9  agents were at all times reasonable and lawful under the circumstances.

10  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

11  (Unclean Hands)

12      23.    Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean

13  hands.

14  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15  (Unjust Enrichment)

16      24.    Defendant alleges that Plaintiff is seeking to recover more than Plaintiff is

17  entitled to recover and, therefore, the judgment sought by Plaintiff would unjustly enrich Plaintiff.

18  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

19  (Plaintiff Compensated)

20      25.    Plaintiff's claims are barred, in whole or in part, because Plaintiff was properly

21  compensated under the Fair Labor Standards Act ("FLSA"), the California Labor Code, and/or any

22  applicable California Industrial Welfare Commission Wage Orders.

23  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

24  (No Penalty Award)

25      26.    Defendant alleges that Plaintiff is not entitled to any penalty award under

26  Section 203 of the California Labor Code since, at all times relevant and material herein, Defendant

27  did not willfully fail to comply with any provisions of the California Labor Code or applicable wage

28  order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the

- 6 -

California Labor Code or applicable wage order.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Limited to Regular Rate)

27.     In the event Plaintiff is otherwise entitled to an award of damages against Defendant for unpaid overtime (which Plaintiff is not), certain aspects of Plaintiff's compensation must be excluded from any "regular rate" of pay calculation in accordance with 29 U.S.C. § 207(e).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(No Notice)

28.     Plaintiff's claims premised on Labor Code violations are barred to the extent Defendant did not have actual or constructive knowledge of any such hours allegedly worked.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Prejudgment Award)

29.     In the event Plaintiff is otherwise entitled to an award of damages against Defendant (which Plaintiff is not), Plaintiff is not entitled to prejudgment interest.

### THIRTIETH AFFIRMATIVE DEFENSE

(Injunctive Relief Improper)

30.     Defendant alleges that Plaintiff's claims for injunctive relief are barred because Plaintiff has an adequate and complete remedy at law and/or Plaintiff cannot make the requisite showing to obtain injunctive relief.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Complaint Uncertain)

31.     Defendant alleges that, each of the purported causes of action set forth in the Complaint is uncertain, ambiguous, and unintelligible.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Reservation of Right to Amend)

32.     Defendant reserves its right to amend this Answer and to assert additional affirmative defenses upon revelation of more definitive facts through discovery and further investigation in this matter.

1                                        **PRAYER**

2                WHEREFORE, Defendant prays for judgment as follows:

3                1.       That Plaintiff takes nothing by way of her Complaint or any purported cause of

4 action therein, and that the Complaint be dismissed in its entirety with prejudice;

5                2.       That Defendant has judgment entered in its favor;

6                3.       That Defendant be awarded its costs of suit; and

7                4.       For such other and further relief as this Court deems proper.

8

9 DATED:  April 17, 2023

10                                          JODI S. COHEN
                                       MICHELLE L. ABDOLHOSSEINI

11                                        KEESAL, YOUNG & LOGAN
                                       Attorneys for Defendant

12                                        WELLS FARGO BANK, N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT
KYL4885-0089-8137.1

Case Name:    *Kendrick v. Wells Fargo Bank, N.A.*
Case No.:    CGC-23-605055
KYL File No.: 6217-396

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 450 Pacific Avenue, San Francisco, California 94133.

4

5

  On April 17, 2023, I served the foregoing documents described as:

6

**1.    DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT;**

7

**2.    DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT; and**

8

**3.    DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT**

9

10

11

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

12

13

  Christopher R. LeClerc     Attorneys for Plaintiff,
  Le Clerc & Le Clerc LLP     LINDA KENDRICK
  155 Montgomery Street, Ste 1004
  San Francisco, CA 94104
  Tel: (415) 445-0900
  Fax: (415) 445-997
  Email: chris@leclerclaw.com

14

15

16

17

18

  ☑  BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19

20

21

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

22

23

  ☑  E-MAIL OR ELECTRONIC TRANSMISSION:  I caused the document(s) to be sent to the above-named persons at the e-mail addresses exhibited therewith.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

24

25

  Executed on April 17, 2023 at San Francisco, California.

26

  I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

27

28

Proof of Service
KYL4859-7376-9054.1

Case Name:    *Kendrick v. Wells Fargo Bank, N.A.*
Case No.:     CGC-23-605055
KYL File No.: 6217-396

1        I declare that I am employed in the office of a member of the bar of this Court at whose
2    direction the service was made.

3

4    _____
     Maria Celina M. Schilt

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Proof of Service
KYL4859-7376-9054.1

# EXHIBIT 4

1  JODI S. COHEN, CASB No. 151534
   jodi.cohen@kyl.com
2  MICHELLE L. ABDOLHOSSEINI, CASB No. 318028
   michelle.abdolhosseini@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California  94133
5  Telephone:    (415) 398-6000
   Facsimile:    (415) 981-0136
6
   Attorneys for Defendant
7  WELLS FARGO BANK, N.A.

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN FRANCISCO**

10

11  LINDA KENDRICK, an individual,          )  Case No. CGC-23-605055
                                            )
12                         Plaintiff,       )  *Action Filed:  March 8, 2023*
                                            )
13            vs.                           )  **DEFENDANT WELLS FARGO BANK,**
                                            )  **N.A.'S NOTICE TO THE CLERK**
14  WELLS FARGO BANK, N.A.; and             )  **OF THE SUPERIOR COURT OF THE**
    DOES 1-50, inclusive,                   )  **FILING OF REMOVAL AND REMOVAL**
15                                          )  **OF ACTION TO FEDERAL COURT**
                           Defendants.      )
16                                          )
                                            )
17  _____)

18

19

20  **TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF**

21  **SAN FRANCISCO:**

22           **PLEASE TAKE NOTICE** that Defendant WELLS FARGO BANK, N.A. ("Wells Fargo" or

23  "Defendant") has removed the above-entitled action to the United States District Court for the

24  Northern District of California.  Attached hereto as Exhibit "A" are true and correct copies of the

25  Notice of Filing of Removal of Action, Notice of Removal, Declaration of Michelle L.

26  Abdolhosseini, and Declaration of Elisa Harrison, exclusive of supporting exhibits, which have been

27  filed in the United States District Court for the Northern District of California in connection with the

28  above-entitled action.

1        PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of the

2  attached Notice of Removal with the federal court effects removal of this action, and this Court may

3  proceed no further unless and until the case is remanded.

4

5  DATED:  April 17, 2023

6                          JODI S. COHEN
                           MICHELLE L. ABDOLHOSSEINI

7                          KEESAL, YOUNG & LOGAN
                           Attorneys for Defendant

8                          WELLS FARGO BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE
FILING OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT
KYL4875-5750-7934.1

# EXHIBIT 5

1  JODI S. COHEN, CASB No. 151534
   jodi.cohen@kyl.com
2  MICHELLE L. ABDOLHOSSEINI, CASB No. 318028
   michelle.abdolhosseini@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California  94133
5  Telephone:     (415) 398-6000
   Facsimile:     (415) 981-0136
6
   Attorneys for Defendant
7  WELLS FARGO BANK, N.A.

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF SAN FRANCISCO**

10

11 LINDA KENDRICK, an individual,          )  Case No. CGC-23-605055
                                           )
12                          Plaintiff,     )  *Action Filed:  March 8, 2023*
                                           )
13        vs.                              )  **DEFENDANT WELLS FARGO BANK,**
                                           )  **N.A.'S NOTICE TO ADVERSE PARTY OF**
14 WELLS FARGO BANK, N.A.; and             )  **REMOVAL TO FEDERAL COURT**
   DOES 1-50, inclusive,                   )
15                                         )
                            Defendants.    )
16                                         )
                                           )
17 _____     )

18

19

20 **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

21          **PLEASE TAKE NOTICE** that Defendant WELLS FARGO BANK, N.A. ("Wells

22 Fargo" or "Defendant") has removed the above-entitled action to the United States District Court for

23 the Northern District of California. Attached hereto as Exhibit "A" are true and correct copies of the

24 Notice of Filing of Removal of Action, Notice of Removal, Declaration of Michelle L. Abdolhosseini,

25 and Declaration of Elisa Harrison, which have been filed in the United States District Court for the

26 Northern District of California in connection with the above-entitled action.

27

28

                                           - 1 -
   DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL
   COURT
   KYL4870-2470-0254.1

1           PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing

2 of the attached Notice of Removal with the federal court effects removal of this action, and this Court

3 may proceed no further unless and until the case is remanded.

4

5 DATED:  April 17, 2023                  _____

6                               JODI S. COHEN
                              MICHELLE L. ABDOLHOSSEINI

7                               KEESAL, YOUNG & LOGAN
                              Attorneys for Defendant

8                               WELLS FARGO BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
KYL4870-2470-0254.1

Case Name:    *Kendrick v. Wells Fargo Bank, N.A.*
USDC Case No.: _____
KYL File No.: 6217-396

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 450 Pacific Avenue, San Francisco, California 94133.

     On April 17, 2023, I served the foregoing documents described as:

**1.**    **NOTICE OF REMOVAL PURSUANT TO  28 U.S.C. §§ 1332, 1348, 1441, AND 1446;**

**2.**    **NOTICE OF FILING REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1348, 1441, AND 1446;**

**3.**    **DECLARATION OF ELISA HARRISON IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL;**

**4.**    **DECLARATION OF MICHELLE L. ABDOLHOSSEINI IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL; and**

**5.**    **CIVIL COVER SHEET**

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Christopher R. LeClerc | Attorneys for Plaintiff, |
| Le Clerc & Le Clerc LLP | LINDA KENDRICK |
| 155 Montgomery Street, Ste 1004 | |
| San Francisco, CA 94104 | |
| Tel: (415) 445-0900 | |
| Fax: (415) 445-997 | |
| Email: chris@leclerclaw.com | |

    ☑    **BY U.S. MAIL:**  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

    ☑    **E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent to the above-named persons at the e-mail addresses exhibited therewith.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    Executed on April 17, 2023 at San Francisco, California.

Proof of Service
KYL4859-7376-9054.2

Case Name:    *Kendrick v. Wells Fargo Bank, N.A.*
Case No.:    _____
KYL File No.: 6217-396

1        I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

2

3        I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

4

5        *M. Schilt*

Maria Celina M. Schilt

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -